UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES A. BLUNT,

        Plaintiff,                             Case No. 1:21-cv-924

v.                                            Honorable Jane M. Beckering

MICHAEL GLEASON,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted because his claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

## Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. The events about which he

complains, however, occurred during his sentencing at the 30th Circuit Court in Lansing, Michigan. Plaintiff sues Michael Gleason, whom he refers to as a probationer. The exhibits attached to Plaintiff's complaint note that Gleason is a probation agent responsible for preparing the Sentencing Investigation Report, including calculating the prior record variable score, the offense variable, and the sentencing guideline range. (Exh. to Suppl., ECF No. 4-1, PageID.14).

Plaintiff alleges that Defendant Gleason violated his due process rights[1] by deliberately increasing various prior record variable (PRV) scores, giving the circuit court judge false information, and manipulating the court so that Plaintiff's minimum sentencing range was higher than it should have been. As a result, Plaintiff claims his minimum sentence is longer than it should be.

Plaintiff seeks money damages and a declaratory judgement ordering that Gleason immediately resign his employment.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that

---

[1] Plaintiff cites the Fifth Amendment due process clause, but due process under the Fifth Amendment constrains the authority of the federal government. Plaintiff complains about a due process violation by the state which falls under the Fourteenth Amendment which constrains state governments.

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. *Heck v. Humphrey*

Plaintiff alleges that Defendant Gleason deliberately increased his PRV scores so that Plaintiff would be sentenced to prison and his sentence would be longer than it would have been had Gleason accurately scored his PRVs. A state prisoner's challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254 and is not the proper subject of a civil rights action brought pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973).

3

A state prisoner cannot make a cognizable claim under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In other words, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Success in Plaintiff's action would necessarily call into question the validity of his sentence. The Michigan sentencing guidelines require the court of appeals to affirm sentences and to not remand for resentencing "absent an error in scoring the sentencing guidelines or [reliance on] inaccurate information . . . in determining the defendant's sentence." MICH. COMP. LAWS. § 769.34(10); *see also People v. Carter*, 931 N.W.2d 566, 571 n.31 (Mich. 2019) ("Because defendant's sentence here is based upon an inaccurate calculation of the guidelines range and is, therefore, inconsistent with the law, defendant is entitled to be resentenced." (quoting *People v. Francisco*, 711 N.W.2d 44, 50 (Mich. 2006))). Plaintiff contends that his sentence is the product of scoring errors and reliance on inaccurate information. Moreover, Plaintiff contends that correction of those errors and reliance on accurate information would place him in a more favorable minimum sentencing guideline range.

Plaintiff alleges "harm caused by actions whose unlawfulness would render [his] . . . sentence invalid[.]" *Heck*, 512 U.S. at 486. Therefore, unless he shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," his claim "is not cognizable under § 1983." *Id*. at 487. Plaintiff has neither alleged nor shown that his sentence has been reversed, expunged, declared invalid, or called into question. Accordingly, under *Heck*, his complaint is properly dismissed. A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (holding that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: February 28, 2022  /s/ Jane M. Beckering
Jane M. Beckering
United States District Judge